

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2003

# Brilla v. Pettit

Precedential or Non-Precedential: Non-Precedential

Docket 02-2076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Brilla v. Pettit" (2003). *2003 Decisions*. Paper 831.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/831

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-2076

———

FREDERICK A. BRILLA

v.

JOHN PETTIT;
MICHAEL FAGELLA;
JOHN DOE, and;
JANE DOE, employees of the
District Attorneys Office of
Washington County,
Pennsylvania, and/or members
of the Washington County Drug
Task Force

John Pettit,

Appellant.

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 98-1021)
District Judge: The Honorable Robert J. Cindrich

———

Submitted under Third Circuit LAR 34.1(a)
January 16, 2003

Before: ROTH, FUENTES and ALDISERT, Circuit Judges.

(Filed January 30, 2003)

OPINION OF THE COURT

ALDISERT, Circuit Judge.

John Pettit, District Attorney of Washington County, Pennsylvania, appeals a judgment entered on a jury verdict after a remittitur of punitive damages. He argues that the court erred in denying his motion for judgment as a matter of law on Frederick A. Brilla's claim brought under 42 U.S.C. § 1983.

Appellant contends that the court erred: (1) in determining that there was sufficient evidence for the jury to conclude that the district attorney deprived the plaintiff of his constitutional rights by failing to return property to him within a reasonable time; (2) in denying his motion for judgment as a matter of law with respect to punitive damage claims; (3) in abusing its discretion by failing to award a new trial on the issues of liability and punitive damages because the verdict was against the weight of the evidence; and (4) by failing to remit further the punitive damages award. The jury returned a verdict of $1 in compensatory damages and $100,000 in punitive damages. In granting a remittitur, the court reduced the punitive damages to $50,000.

Because the parties are familiar with the facts and the proceedings in the district court, we will discuss only the questions of law and will affirm.

We are satisfied that there was sufficient evidence upon which to sustain a judgment. Upon Brilla's arrest, his property was seized and stored by the Pennsylvania State Police. While the property was stored, the Appellant personally paid storage fees for almost seven

years, totaling $8,000. At the same time, Brilla had brought an action to retrieve his property, and the Washington County Court of Common Pleas granted the relief sought. The evidence is that the District Attorney's office received copies of all orders issued by the Clerk of Court. Nevertheless, Appellant, as the district attorney, refused to return the property including lawn furniture, tractors, a motorcycle and other items. Pettit concedes that the forfeiture action was resolved in Brilla's favor.

In addition to paying storage costs, Pettit personally directed the property's transfer from the state police storage facility to the county jail and his own Drug Task Force office. The jury could certainly infer from Pettit's involvement – as an attorney, no less – that he should have known that a forfeiture proceeding could never take 11 years to come to fruition, and that at some point he should have questioned whether he was properly continuing to be the "stakeholder" of Brilla's property. His indifference to the issue of whether he was justified in keeping such property gave rise to the award of punitive damages.

We are satisfied that there was sufficient evidence to sustain the verdict in favor of Brilla and was not against the weight of the evidence as to require a new trial.

Pettit argues that although the district court reduced the punitive damages from $100,000 to $50,000, it erred by not reducing it to a lower amount. In BMW of North America, Inc v. Gore, 517 U.S. 559 (1996), the Supreme Court established three guideposts to assist courts in determining the reasonableness of a punitive damages award: (1) the degree of reprehensibility of the tortuous conduct; (2) the ratio of punitive damages

3

to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases. 517 U.S. at 574-575. In <u>Lee v. Edwards</u>, 101 F.3d 805 (2nd Cir. 1996), our sister court concluded that these factors should assist the court in the application of the "shock the judicial conduct" standard. 101 F.3d at 809.

The District Court stated:

Pettit's conduct, although found reprehensible by the jury, was not as blameworthy as wrongs we have seen in other civil rights cases. Moreover, the punitive damages awarded in other civil rights cases involving much more egregious conduct indicates that Brilla's award is excessive. That being said, the calculation of a suitable reduction is not an easy task. As the courts have recognized, the determination of a remittitur is not amenable to precise calculation. Based on our review of other civil rights cases, however, we believe that a remittitur of $50,000, for a total punitive damage award of $50,000, is appropriate. A substantial punitive damages award is warranted in this case in light of the important constitutional property right that was violated. We find, however, that $50,000 is the maximum punitive damage recovery that does not shock the judicial conscience.

App. at 16A. The court's decision on remittitur will not be disturbed absent a manifest abuse of discretion. <u>Spence v. Bd. of Educ.</u>, 806 F.2d 1198, 1201 (3d Cir. 1986). We conclude that the district court did not exceed the bounds of a proper exercise of discretion.

* * * * *

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

4

　　　　　/s/ Ruggero J. Aldisert
　　　　Circuit Judge